```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


UNITED STATES OF AMERICA,        §
                                 §
          Plaintiff,             §
                                 §
v.                               §     CIVIL ACTION NO. H-08-1291
                                 §
VIKING RESOURCES, INC. and       §
ROGER W. CHAMBERS,               §
                                 §
          Defendants.            §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Defendants', Viking Resources, Inc. ("Viking") and Roger W. Chambers, Unopposed Joint Motion for Costs (Docket Entry No. 111)[1] and Plaintiff United States' Objections to Certain Costs Within Defendants' Bill of Costs (Docket Entry No. 115). Viking and Chambers have also filed Defendants, Viking Resources, Inc. and Roger W. Chambers', Joint Memorandum of Law in Support of Defendants' Joint Motion for Costs (Docket Entry No. 112) and Defendants', Viking Resources, Inc. and Roger W. Chambers, Joint Response to Plaintiff's, United States of America, Objections to Defendants' Bill of Costs (Docket Entry No. 116).

Viking and Chambers seek to recover costs, as well as "reasonable fees and expenses incurred in the defense of this

---

[1] Viking and Chambers' motion for costs is not unopposed as its title suggests.

suit,"[2] totaling $16,058.10, pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 2412(a) and (b). Viking and Chambers clarify that they "are not seeking attorneys' fees, but only the expenses incurred by attorneys on behalf of Defendants."[3]

The government does not deny that Viking and Chambers, as prevailing parties, are entitled to recover costs, as defined in 28 U.S.C. § 1920, under Federal Rule of Civil Procedure 54(d)(1)[4] and 28 U.S.C. § 2412(a)(1).[5] The government, however, objects that Viking and Chambers have failed to show that some of the listed expenditures, totaling $11,928.81, qualify as "costs" under 28 U.S.C. § 1920.

The government does not address whether Viking and Chambers are entitled to recover any portion of these expenditures under 28 U.S.C. § 2412(b). The court, however, concludes that Viking and Chambers have failed to show that it applies in this case.

Section 2412(b) provides that "a court may award reasonable fees and expenses of attorneys, in addition to the costs which may

---

[2]Docket Entry No. 111, at 1.

[3]Id.

[4]Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law."

[5]28 U.S.C. § 2412(a)(1) states that "a judgment for costs, as enumerated in [28 U.S.C. § 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . ."

be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ." 28 U.S.C. § 2412(b). The statute, however, provides that the government shall only be liable for such fees and expenses "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." Id.

By referring to the "common law," the statute "incorporates the 'American rule' for fee-shifting, which permits a fee award only when the losing party acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Perales v. Casillas, 950 F.2d 1066, 1071 (5th Cir. 1992) (quoting F.D. Rich Co. v. United States ex rel. Indus. Lumber Co., 94 S. Ct. 2157, 2165 (1974)). Viking and Chambers have not alleged, and the court is not persuaded, that the United States has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in this case. Therefore, the "common law" provision of § 2412(b) does not apply.

Similarly, Viking and Chambers have not clearly pointed to any statute that specifically provides for an award of attorneys' fees against the government in this case.[6] Therefore, the court will

---

[6]In their Memorandum of Law (Docket Entry No. 112) and Response (Docket Entry No. 116), Viking and Chambers apparently attempt to cite to definitions in 28 U.S.C. § 2412(d), a provision that specifically provides for the recovery of "fees and other expenses" for prevailing parties in non-tort actions brought by or against the United States if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Specifically, Viking and Chambers cite "28 U.S.C. § 2412(2)(B)" for the definition
(continued...)

not award any "fees and expenses of attorneys" under § 2412(b). Viking and Chambers can recover their expenditures only if they may be awarded as "costs," as the term is defined in 28 U.S.C. § 1920, under Federal Rule of Civil Procedure 54(d)(1) and under 28 U.S.C. § 2412(a).

Section 1920 defines costs narrowly to include only (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts,

---

⁶(...continued)
of "parties," "28 U.S.C. § 2412(2)(H)" for the definition of "prevailing parties," and "28 U.S.C. § 2412(2)" for the definition of "fees and other expenses."  The correct citations for these definitions are 28 U.S.C. §§ 2412(d)(2)(B), 2412(d)(2)(H), and 2412(d)(2)(A), respectively.  Because Viking and Chambers only cited definitions from § 2412(d), and did not even cite them correctly, the court concludes that Viking did not adequately invoke § 2412(d).  Moreover, Viking and Chambers' motion for costs does not comply with § 2412(d)(1)(B), which requires a prevailing party to submit an application including certain mandatory elements before a court can award "fees and other expenses" under § 2412(d). See Scarborough v. Principi, 124 S. Ct. 1856, 1862 (2004) (explaining that an application under § 2412(d)(1)(B) must include (1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award, i.e., that the applicant meets the detailed definition of "party" found in § 2412(d)(2)(B); (3) a statement of the amount sought, including itemized statements from attorneys and/or expert witnesses stating the actual time expended and the rate at which fees were computed; and (4) an allegation that the position taken by the United States in the litigation was not "substantially justified.").  Viking and Chambers' motion for costs clearly lacks the second, third, and fourth mandatory elements.

interpreters, and special interpretation services. 28 U.S.C. § 1920.

The government first challenges the $7,847.59 in expert witness fees that Viking and Chambers seek to recover. It is well established that expert witness fees may not be taxed as costs in excess of the $40 per day prescribed in 28 U.S.C. § 1821(b). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S. Ct. 2492, 2498 (1987); Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 404-05 (5th Cir. 2002). The court will therefore sustain the government's objection to the $7,847.59 in expert witness fees.

The government next objects to $3,490.96 in expenses for copies. Specifically, the government argues that the descriptions of the individual copying expenses, most of which simply list a dollar amount and the name of either Viking's or Chambers' attorney, are not specific enough to prove that the copies were "necessarily obtained for use in the case" as required by § 1920(4). Viking and Chambers counter that they have provided affidavits from their attorneys stating that each expense "was actually and necessarily incurred in this action,"[7] and that the affidavits are sufficient evidence to prove the necessity of each copying expense.

In Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991), the Fifth Circuit explained that although a prevailing party need not

---

[7] Affidavit of J. James Luck, ¶ 3 (Aug. 4, 2009); Affidavit of K. Scott Brazil, ¶ 3 (Aug. 4, 2009) (both included in Docket Entry No. 111).

"identify every xerox copy made for use in the course of legal proceedings," the party must make "some demonstration that reproduction costs necessarily result from that litigation." Since Fogleman the Fifth Circuit has acknowledged that the district courts in this circuit are divided over "the level of specificity necessary" to demonstrate that costs are necessarily incurred for litigation and, in light of that division, has given district courts substantial discretion to determine whether a showing of necessity is sufficient. DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 434 (5th Cir. 2003). Generally, however, district courts have found vague lists of copying expenses accompanied by affidavits containing conclusory assertions that all expenses were necessarily incurred in the case to be insufficient. See, e.g., Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co., No. H-07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009); Verdin v. Autozone TX, L.P., No. B-05-280, 2007 WL 4260913, at *3 (S.D. Tex. Dec. 3, 2007).

In this case the court is not persuaded that the copying costs listed along with only the name of either Viking's or Chambers' attorney -- totaling $2,581.26 -- "were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel." Fogleman, 920 F.2d at 286. However, the four remaining copying costs -- totaling $909.70 -- are listed along with brief descriptions suggesting that they were incurred for the production

and/or duplication of trial exhibits.  The court concludes that these descriptions are sufficient to show that these copying expenses were necessarily incurred for this litigation.  See id. (stating that the prevailing party should recover "the cost of reproducing relevant documents and exhibits for use in the case" (emphasis added)).  Accordingly, the court will allow $909.70 in copying costs, but will sustain the government's objection as to the remaining $2,581.26.

Lastly, the government objects to $590.26 in investigation expenses.  The government correctly states that investigation expenses do not fall within the scope of § 1920.  See Mota v. Univ. of Tex. Houston Health Sci. Center, 261 F.3d 512, 530 (5th Cir. 2001); San Jacinto Sav. & Loan v. Kacal, No. 92-1833, 1993 WL 455886, at *1 (5th Cir. Oct. 27, 1993) (per curiam).  Therefore, the court will sustain the government's objection to the investigation expenses.

The government does not object to the remaining $4,129.29 in expenses that Viking and Chambers seek to recover.  The court, however, cannot award the entirety of that amount as costs because not all of the listed expenses fall within the scope of § 1920. See Crawford Fitting Co., 107 S. Ct. at 2497-98 (holding that although a court may decline to award costs meeting § 1920 definition, it may not award as costs expenses not meeting the § 1920 definition); Firth v. Don McGill of West Houston, Ltd.,

No. H-04-0659, 2006 WL 846377, at *9 (S.D. Tex. March 28, 2006) (declining to award as costs expenses that did not meet the § 1920 definition even though the losing party did not object).

Viking and Chambers seek $198.68 in parking expenses. Of that amount, $20 is for a witness for a deposition. This amount is allowable under 28 U.S.C. §§ 1920(3) and 1821(a)(3). The remaining $178.68 in parking fees appear to be for the attorneys. Attorney parking expenses do not fall within the § 1920 definition of costs, and the court may not award them as such. See Lewis v. Hurst Orthodontics, 292 F. Supp. 2d 908, 913 (W.D. Tex. 2003); Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc., 952 F. Supp. 415, 418 (N.D. Tex. 1997).

Viking and Chambers also seek to recover $32.18 in delivery fees. Because delivery fees do not fall within the § 1920 definition of costs, the court will not award this amount. See Embotelladora Agral Regiomontana, 952 F. Supp. at 418. As for the remaining $3,918.43 in expenses to which the government does not object, the court agrees that they are "costs" under § 1920, and will award them as such.

For the reasons stated above, Defendants', Viking Resources, Inc. and Roger W. Chambers, Unopposed Joint Motion for Costs (Docket Entry No. 111) is **GRANTED in part and DENIED in part**, and Plaintiff United States' Objections to Certain Costs Within Defendants' Bill of Costs (Docket Entry No. 115) is **GRANTED in part**

**and DENIED in part**.  The court allows $4,828.13 in costs to Viking and Chambers pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 2412(a)(1).[8]

**SIGNED** at Houston, Texas, on this 20th day of August, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[8]This amount is calculated by adding the $3,918.43 in allowable costs to which the government did not object to the $909.70 in copying costs for which the court denied the government's objection.